**IN THE UNITED STATES DISCTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THADOR MOORE<br>144 Westbrook Dr.<br>Clifton Heights, PA 19018<br><br>Plaintiff,<br><br>v.<br><br>FRANK RECRUITMENT GROUP, INC<br>d/b/a Tenth Revolution Group<br>2001 Market St., Suite 1100<br>Philadelphia, PA 19103<br><br>Defendant. | CIVIL ACTION<br><br>CASE NO.:<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Thador Moore (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Frank Recruitment Group, Inc., d/b/a Tenth Revolution Group (hereinafter referred to as "Defendant") of the Age Discrimination in Employment Act ("ADEA" – 29 U.S.C. §§ 621 *et seq*.), and the Philadelphia Fair Practices Ordinance ("PFPO"). Plaintiff asserts, *inter alia*, that he was not hired by Defendant for discriminatory reasons in violation of the ADEA. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. There lies supplemental jurisdiction over Plaintiff's local law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

4. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

6. Plaintiff is proceeding herein under the ADEA after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and receiving a Notice of Right to Sue prior to commencing this action.

7. Plaintiff also exhausted his administrative remedies (with respect to his PFPO claims) because he timely filed Charges with the Philadelphia Commission on Human Relations (PCHR) and the charges have remained with the PCHR for over one year.

## PARTIES

8. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

9. Plaintiff is an adult individual with an address as set forth in the caption.

10. Defendant is a corporation with a location at the above-captioned address.

11. Defendant is a multi-brand specialist global recruitment firm that delivers permanent and freelance niche technology experts to vendor channel partners, small and medium-sized companies, and enterprise organizations.

12. At all relevant times herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is 54 years old.

15. In or about July 2024, Defendant, through Defendant's Principal Talent Acquisition Consultant, Danielle Jordan (hereinafter "Jordan"), approached Plaintiff concerning an Assistant Vice President ("AVP") position in Defendant's Philadelphia office.

16. Plaintiff possessed the requisite education, experience, qualifications, and skills necessary to perform the duties of the AVP position.

17. On or about July 23, 2024, Plaintiff applied for the position of AVP with Defendant.

18. On or about July 29, 2024, Plaintiff participated in an initial interview with Jordan for the AVP position.

19. On or about August 2, 2024, Jordan conducted an interview-preparation call with Plaintiff in anticipation of his in-person interview.

20. On or about August 6, 2024, Plaintiff interviewed in person with Francesca Contardi (hereinafter "Contardi"), Defendant's Executive Vice President and head of its Philadelphia office.

21. During the interview, Contardi made several comments directly concerning Plaintiff's age and the ages of the employees with whom Plaintiff would be working.

22. For example, but not intending to be exhaustive, Contardi stated that the team Plaintiff would be assigned to were "much younger" than him.

23. Contardi further stated that Plaintiff may be "too senior" for the position.

24. Contardi also questioned whether Plaintiff would have a problem working with someone "much younger" than him.

25. Contardi's statements expressly compared Plaintiff's age and/or seniority to the ages of the employees with whom Plaintiff would be working[1].

26. After Contardi started focusing on Plaintiff's age and purported seniority, the substance of the interview materially diminished, and the interview ended shortly thereafter.

---

[1] Age-related statements made by a decisionmaker during the hiring process may constitute **direct evidence** of age discrimination. *See Lanzrath v. Piping Tech. Co.*, 2022 U.S. Dist. LEXIS 46135, at *10–11 (D. Kan. Mar. 14, 2022) (finding direct evidence of age discrimination where the decisionmaker stated that the position was a "young man's game" in communicating the hiring decision); *Tabor v. Hilti, Inc.*, 703 F.3d 1206, 1217 (10th Cir. 2013) (recognizing statements by a decisionmaker during an interview expressing discriminatory beliefs concerning members of the plaintiff's protected class as direct evidence); *Van Voorhis v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 512 F.3d 1296, 1299 (11th Cir. 2008) (finding direct evidence where the hiring manager stated that he did not want to hire "old pilots"); *see also Sharp v. Aker Plant Servs. Grp., Inc.*, 726 F.3d 789, 798 (6th Cir. 2013) (recognizing that discriminatory remarks by decisionmakers and individuals who significantly influence the decision-making process can constitute direct evidence of discrimination).

27. At the conclusion of the interview, Contardi advised Plaintiff that she would review Plaintiff's candidacy and follow up with him regarding the position.

28. It was very clear that Defendant seemed to be looking for someone younger than Plaintiff to fill the AVP position.

29. Plaintiff thereafter followed up with Jordan concerning the status of his candidacy and whether Defendant had made a final decision.

30. Between on or about August 6, 2024, and on or about September 11, 2024, Plaintiff participated in a follow-up telephone call with Jordan concerning the status of his application.

31. During that conversation, Jordan advised Plaintiff that ***no final hiring decision had yet been made***.

32. Jordan further advised Plaintiff, however, that Contardi thought Plaintiff may be "too senior" for the position.[2]

33. Jordan's statement was consistent with the age-related statements Contardi had made directly to Plaintiff during his interview.

34. Jordan advised Plaintiff that she would speak with Contardi and thereafter provide Plaintiff with an update regarding his candidacy.

35. Thereafter, on or about September 11, 2024, Jordan notified Plaintiff in writing that Defendant had decided *not* to select him for the position.

36. In communicating Defendant's decision not to hire Plaintiff, Defendant again identified Plaintiff's purported *seniority*[3] as a reason for his non-selection.

---

[2] *See Robinson v. PPG Indus., Inc.*, 2023 U.S. App. LEXIS 16778, at *6–7 (9th Cir. 2023) (finding a genuine issue of material fact as to whether the decisionmaker meant "too old" when he described the plaintiff as "too senior," where the statement was considered in the context of the employer's remark that it was "trying to find somebody younger").

[3] *Taggart v. Time Inc*., 924 F.2d 43, 47–48 (2d Cir. 1991) ("Denying employment to an older job applicant because he or she has too much experience, training or education is simply to employ a euphemism to mask the real reason for refusal, namely, in the eyes of the employer the applicant is too old.").

37. Defendant's statements and conduct demonstrate that Plaintiff's age was considered during the hiring and decision-making process.

38. Despite Plaintiff's qualifications for the position, Defendant rejected Plaintiff's application and refused to hire him.

39. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**COUNT I**
**Violation of the Age Discrimination in Employment Act ("ADEA")**
**(Age Discrimination)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff believes and therefore avers Defendant did not hire him because of his age.

42. These actions as aforesaid constitute unlawful age discrimination under the ADEA.

**COUNT II**
**Violations of the Philadelphia Fair Practices Ordinance**
**(Age Discrimination)**

43. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

44. Plaintiff properly exhausted his administrative remedies regarding his PFPO claims because he timely filed a charge of discrimination with the PHRC, and the charge has been pending for at least one year. *See e.g. Vandegrift v. City of Phila*., 228 F. Supp. 3d 464, 482-83 (E.D. Pa. 2017) (dual-filing of charges of discrimination with the EEOC and the Pennsylvania Human Relations Commission satisfied the Philadelphia Ordinance exhaustion requirement).

45. The aforesaid allegations also constitute violations of the PFPO. Thus, Plaintiff's PFPO claims mirror the claims set forth in Count I with the exception of available damages under each statute.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated and/or punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation under the PFPO);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: ______________________

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
215-639-0801 (P)
215-639-4970 (F)
akarpf@karpf-law.com

Dated: October 14, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Thador Moore | : | CIVIL ACTION |
| v. | : | |
| Frank Recruitment Group, Inc. d/b/a Tenth Revolution Group | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x )

| 10/14/2026 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Defendants place of business

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MOORE, THADOR

**(b)** County of Residence of First Listed Plaintiff: Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

FRANK RECRUITMENT GROUP, INC. D/B/A TENTH REVOLUTION GROUP

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - mployment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA and the PFPO.

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE: 10/14/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______